**BUTLER, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 2980. Decided July 20, 1939.

Vernon W. Wenger, James I. Boulger, Columbus, for Lewis C. Freeman, Admr. with the will annexed.

Charles S. Druggan, Columbus; J. Paul McNamara, Columbus; Griffith & Griffith, Columbus; Watson, Davis & Joseph, Columbus, and Joseph G. Ehrlich, Cleveland, for exceptors.

Wilson & Rector, Columbus, and O. H. Mosier, Columbus, for Grover C. Brown.

GUERNSEY, J. (3rd Dist.), sitting by designation.

**OPINION**

BY THE COURT:

We have heretofore in the opinion in case No. 2979 considered and passed

upon most of the principles involved and questions presented in this appeal. We therefore without further or extended discussion of the law come to consider the specific errors assigned in the appeal of Grover C. Brown:

That the Court erred:
1. In holding, treating ▮▮▮▮▮ and regarding Grover C. Brown as a party to the proceedings on the exceptions to the account of Lewis C. Freeman, as administrator of the estate of Henry V. Butler, deceased.

This assignment of error is well made.

2. In requiring the said Grover C. Brown to submit for examination securities of which he is the owner and a list of which appears in the judgment of the said Probate Court filed September 2, 1938.

In this determination we hold that the Court did not err.

The question is not at all free from doubt, but we are inclined ▮▮▮▮▮ to support any reasonable action of the Probate Judge though summary which has for its obvious effect the preservation of the assets of an estate which but for such action may be dissipated. In supporting the action of the trial judge in this regard we are granting the extreme limit of authority.

Mr. Brown at the time of the hearing before the Master, was in possession of the securities which he held at least under color of title. The specific securities which were impounded upon the order of the court had been ordered sold upon the application of the administrator under date of August 26, 1936. The application requests authority to sell the securities at the "best market price on the day that the administrator is able to offer them for sale" and it was so ordered. There may be some question of ethics in the purchase of these securities by Brown, but we know of no prohibition of law against such purchase. The fact that the securities had a market value at which price they were authorized to be sold removes the possibility of defrauding the estate by acquiring the securities at a price below market value. Brown as purchaser of these securities was in no sense acting as attorney for the administrator, but in a contractual relation with him and subject to all rights arising by reason of that relationship and amenable to all obligations growing therefrom. It is our judgment that the Probate Judge should make some provision by supplemental entry similar to the order made when the stocks in the possession of Mrs. Grover C. Brown were impounded, namely, that they may be sold at the option of Brown and the proceeds thereof impounded in lieu of the stock sold.

We are satisfied, as we said in case No. 2979, that Brown is entitled to an adjudication in a properly constituted proceeding as to his ownership and right of possession of the stocks impounded. Some appropriate action should be instituted wherein he is made a party, to determine title to the impounded securities.

3. In taking said securities from the possession of the said Grover C. Brown, who at the time was a witness at the hearing on said exceptions, and impounding the same in the possession of the Judge of the said Probate Court.

This action was not erroneous as we have heretofore discussed.

4. In adjudging the said securities to be the property of the estate of the said Henry V. Butler, deceased, and not the property of Grover C. Brown.

This action constituted prejudicial error.

5. In ordering and adjudging that the said Grover C. Brown deliver said

securities to J. Paul McNamara, as Administrator de bonis non with the will annexed of the estate of the said Henry V. Butler, deceased, and over-ruling and denying the application of the said Grover C. Brown to return said securities to him.

The first part of this assignment of error ending with the word "deceased" is well made. The action of the court as to the latter part of the assignment is not objectionable.

6. In adjudging that the said Lewis C. Freeman, as Administrator, as afore-said, wrongfully and unlawfully trans-ferred and delivered the said securities to Grover C. Brown and ordering and adjudging that the said Grover C. Brown was not the owner of said se-curities and had not acquired the same for value from Frederick Freeman, a broker.

Brown could not be bound by the ac-tion of this court in the particular chal-lenged in this assignment. The Court could make such determination only as related to the right to surcharge the administrator.

7. In finding and adjudging that the Probate Court had any jurisdiction over the person of Grover C. Brown, or over said securities.

The action of the Court in asserting jurisdiction over the person of Grover C. Brown was erroneous. No error was committed in taking possession of the securities.

8. In adjudging that said securities constituted a trust and were assets of the estate of Henry V. Butler, deceased.

In so far as the court undertook to make determination which would bind Brown and fix title in the estate the action of the trial judge was erroneous.

9. In ordering and adjudging that the said Grover C. Brown had been guilty of fraud or collution in the ac-quisition of said securities or in the maladministration of said estate.

Same ruling as on assignment No. 8.

10. In adjudging that Grover C. Brown was not entitled to compensa-tion as attorney for said administrator, particularly when that question was not in issue in said proceedings on said exceptions.

See discussion of this question in case No. 2979.

11. In adjudging that in the taking of said securities the Court acted with-in its jurisdiction and invaded no con-stitutional rights of the said Grover C. Brown.

We have heretofore passed upon this question under other assignments and hold that there was no prejudicial er-ror in the action of the court.

12, 13, 14, 15, raise constitutional questions which in view of our action are not controlling of the rights of Brown and when the Court has ac-corded to Brown his rights as we have herein adjudicated them, no constitu-tional right of his will have been vio-lated.

16. For other errors apparent upon the face of the record.

We find no other errors on the record.

Judgment reversed and caused re-manded in accordance with this de-cision.

HORNBECK, PJ., BARNES & GUERN-SEY, JJ., concur.

## APPLICATION FOR REHEARING

No. 2979. Decided Aug. 4, 1939.

BY THE COURT:

The above-entitled cause is now be-ing determined on appellee's applica-tion for rehearing.

The application is set out in 11 sep-arately numbered specifications.

No memoranda accompanies the ap-plication.

Specifications Nos. 1 to 7, inclusive, assert claimed errors of the court in its findings and statements in 7 separate-ly named instances very similar to the form generally used in applications for new trial. Other than the general statement that the court erred nothing more is set out in the first 7 specifica-tions.

We take it that counsel understand that the office of an application for rehearing is not a prerequisite to prosecuting error to the Supreme Court.

Applications for rehearing are not authorized under the Code but are solely provided for under the rules of court (see Volume 50, Court of Appeals, first page). Application for rehearing should be prepared in triplicate and mailed direct to each member of the court and not filed with the Clerk of Court.

In this instance we note that the applications were filed in the clerk's office on July 29, 1939.

This will not be harmful since same were promptly mailed to us by our bailiff.

Specifications 1 to 7 in the application will be overruled.

Under Specification 8 counsel urge that since all the evidence relative to the Brown claim is before this court, it is our duty to find and determine the proper amount that should be surcharged against Lewis C. Freeman, Administrator, according to the rule designated in our opinion.

No citation of authority is cited in support of this claim. We do not understand this to be the generally accepted method.

If we were hearing the matter de novo then we could and should determine the ultimate question on the evidence submitted. This is not the rule in an error proceeding.

It being our determination that the master and trial court erred in excluding certain testimony, proper procedure is to remand to the fact-finding court for determination of the amount after considering all proper evidence including that which we determined improperly rejected. Under certain circumstances a reviewing court might determine the amount to be recovered and thereafter so modify the judgment as would conform to such determination. In the instant case this rule would only be applicable if the evidence properly admitted, together with that which we determined to be improperly rejected, would permit of but one conclusion.

This is not the situation in the case at bar. Reasonable minds might very widely differ as to the proper amount and hence, it is our duty to remand.

Specification No. 9 raises the identical question as Specification No. 8 except it refers to the claim of Frederick W. Freeman, whereas No. 8 relates to the claim of Grover C. Brown.

The court in its original opinion following a usual custom did not make calculations or calculate interest but in proper cases this is generally left to counsel to do in the preparation of their entry. In the main this procedure might be followed in the instant case unless our determination of appellant's application for rehearing under 11 (which we are sustaining) should render the determination of the ultimate amount of surcharge improper.

Specification No. 10 makes the claim that our original opinion is indefinite and uncertain in that we fail to direct whether the trial court should permit further testimony to be offered by the administrator in support of the Grover C. Brown claim, or should the redetermination of the surcharge against Lewis C. Freeman be determined from the evidence of the record as it now stands.

This is a question over which we have no control.

The cause was remanded for redetermination. It is up to counsel to decide whether or not they will submit the cause on the same record or present new evidence.

It is to be hoped that counsel will act sensibly so far as possible about the evidence already taken before the master.

It is highly probable that certain suggestions made in our original opinion might make it proper and necessary to at least supplement the evidence already presented.

Specification No. 11 raises the question that our original opinion is indefinite and uncertain as to the liability of Lewis C. Freeman for the appropriation by Frederick W. Freeman of certain securities.

28

We are setting out in detail in our determination of appellant's application for rehearing full data relative to the securities and hence need go no farther in this opinion.

Application of appellee for rehearing will be overruled.

HORNBECK, PJ. and BARNES, J., concur.

GUERNSEY, J., (3rd Dist), sitting by designation, thinks the application for rehearing should be sustained to the extent required by the dissent of the original decision.